UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

ROMMEL A. RAMIREZ,
and other similarly-situated individuals,

     Plaintiff,

v.

MIKE KELLY CONSTRUCTION, INC.,
AEG INSTALLATION CORP.
MICHAEL KELLY, and ADA D. ORTIZ,
individually

     Defendants,

_____/

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff ROMMEL A. RAMIREZ and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants MIKE KELLY CONSTRUCTION, INC., AEG INSTALLATION CORP., MICHAEL KELLY, and ADA D. ORTIZ individually, and alleges:

1. This is an action to recover money damages for unpaid minimum and overtime wages, and retaliatory damages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act"),

2. Plaintiff ROMMEL A. RAMIREZ is a resident of Orange County, Florida within the jurisdiction of this Court. The Plaintiff is a covered employee for purposes of the Act.

3. Corporate Defendant MIKE KELLY CONSTRUCTION, INC. is a Florida corporation, having its place of business at Orlando, Orange County, Florida. The Defendants were and are engaged in interstate commerce.

4. Corporate Defendant AEG INSTALLATION CORP. is a Florida corporation, having its place of business at Orlando, Orange County, Florida. The Defendants were and are engaged in interstate commerce.

5. Pursuant to 29 U.S.C. § 203 (r)(1) and pursuant to 29 C.F.R. §791.2, Defendants INFANTINO MOTORS, INC., and INFANTINO AUTO ELECTRIC INC. are a joint enterprise and joint employers of Plaintiff.

6. The individual Defendant MICHAEL KELLY was and is now, the owner/officer and manager of Defendant Corporation MIKE KELLY CONSTRUCTION, INC. Defendant MICHAEL KELLY is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

7. The individual Defendant ADA D. ORTIZ was and is now, the owner/officer and manager of Defendant Corporation AEG INSTALLATION CORP. Defendant ADA D. ORTIZ is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

8. All the actions raised in this complaint took place in Orlando, Orange County Florida, within the jurisdiction of this Court.

<u>GENERAL ALLEGATIONS</u>

9. This cause of action is brought by Plaintiff ROMMEL A. RAMIREZ as a collective action to recover from Defendant unpaid regular wages, overtime compensation, liquidated damages, retaliatory damages and the costs and reasonable attorney's fees under the

provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after November 2019, (the "material time") without being properly compensated.

10. Corporate Defendants MIKE KELLY CONSTRUCTION, INC. and AEG INSTALLATION CORP. are respectively a construction/remodeling company, and installation company specialized in the installation of commercial appliances and furniture for the Hotel Industry. Defendants MIKE KELLY CONSTRUCTION, INC. and AEG INSTALLATION CORP. acted as Hotel Liquidators, they renovated and removed large quantities of furniture and appliances from hotels, install new furniture and appliances, and then resell the stock of used hotel equipment. Defendants maintained 2 hotel liquidators warehouses in the Orlando area.

11. Pursuant to 29 U.S.C. § 203 (r)(1), Defendants MIKE KELLY CONSTRUCTION, INC. and AEG INSTALLATION CORP. were and are now, a joint enterprise because: 1) the two companies had the same or related business activities; 2) the two companies operate out of the same location; 3) the two companies shared facilities, equipment and supplies; 4) MIKE KELLY CONSTRUCTION, INC. and AEG INSTALLATION CORP., operated as a single unit, for a common business purpose; 5) Between MIKE KELLY CONSTRUCTION, INC. and AEG INSTALLATION CORP., existed unified operation and common control because individual Defendants MICHAEL KELLY and ADA D. ORTIZ controlled the day to day operations of the two companies, and they operated as a

single unit for a common business purpose; 6) both corporations had interdependent financial interest. because each company operated the same related business.

12. Pursuant 29 C.F.R. §791.2, MIKE KELLY CONSTRUCTION, INC. and AEG INSTALLATION CORP. were joint employers because: 1) MIKE KELLY CONSTRUCTION, INC. and AEG INSTALLATION CORP. through its owners/partners/managers MICHAEL KELLY and ADA D. ORTIZ had equal and absolute control over the Plaintiff and other employees similarly situated; 2) MICHAEL KELLY and ADA D. ORTIZ assigned duties and paid to Plaintiff and other employees similarly situated; 3) MIKE KELLY CONSTRUCTION, INC. and AEG INSTALLATION CORP., through their managers, jointly and equally determined terms and employment conditions of Plaintiff and other employees similarly situated; 4) The work of Plaintiff's simultaneously benefited the two corporations. 5) The work performed by Plaintiff and other similarly situated individuals were an integral part of the business operation of MIKE KELLY CONSTRUCTION, INC. and AEG INSTALLATION CORP.

13. Therefore, because the work performed by Plaintiff and other similarly-situated individuals, simultaneously benefited all Defendants and directly or indirectly furthered their joint interest, Defendants MIKE KELLY CONSTRUCTION, INC. and AEG INSTALLATION CORP., are joint enterprise as defined in 29 U.S.C. § 203 (r)(1), and they are also joint employers as defined in 29 C.F.R. §791.2.

14. Defendants MIKE KELLY CONSTRUCTION, INC. and AEG INSTALLATION CORP. INFANTINO MOTORS, INC., and INFANTINO AUTO ELECTRIC INC., hereinafter will be called collectively MIKE KELLY CONSTRUCTION, or corporate Defendant.

15. The Defendants MIKE KELLY CONSTRUCTION, MICHAEL KELLY, and ADA D. ORTIZ employed Plaintiff ROMMEL A. RAMIREZ, as a non-exempted, full-time, hourly employee from approximately November 15, 2019 to January 31, 2020, or 11 weeks.

16. The Plaintiff was hired as a construction/remodeling worker and to perform moving work. The Plaintiff was paid a wage rate of $12.00 an hour.

17. During his time of employment with Defendants, the Plaintiff worked weeks of 5 days, weeks of 6 days and weeks of 7 weeks and. The Plaintiff had a very regular schedule, he worked from 7:30 AM to 7:00 PM (11.5 hours daily), Plaintiff worked weeks of 5 days with 80.5 hours per week, weeks of 6 days with 69 hours, And weeks of 5 days with 57.5 hours per week. The Plaintiff was unable to take bonafide lunch periods.

18. The Plaintiff worked in excess of 40 hours per week, but he did not receive his wages regularly. The Defendants failed to pay Plaintiff his wages when due. The Plaintiff received partial payments, or he was not paid at all. For many weeks, Plaintiff was not paid his wages at any rate, not even the minimum wage rate as required by the FLSA.

19. The Plaintiff did not clock in and out, but the Defendants were able to keep track of the number of hours worked by Plaintiff and other similarly situated individuals.

20. Therefore, Defendants willfully failed to pay Plaintiff minimum wages and overtime hours at the rate of time and one-half his regular rate for every hour that they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

21. The Plaintiff was paid strictly in cash without any paystub or record showing the number of days and hours worked, wage rate, employment taxes withheld, etc.

22. The Plaintiff disagreed with the lack of payment for regular and overtime hours and he complained multiple times to the Defendants.

23. On or about January 27, 2020, the Plaintiff was fired by the Defendants without paying him his hard-earned wages.

24. The Plaintiff is not in possession of time and payment records, but he will provide a good faith estimate based on his best recollections. The Plaintiff does not remember the exact amount that he received as partial payments, and he will make calculation of unpaid wages for his entire period of employment. Plaintiff will amend his statement of claim after proper discovery.

25. Plaintiff ROMMEL A. RAMIREZ seeks to recover unpaid regular wages and overtime hours, accumulated during all his time of employment, liquidated damages, retaliatory damages, and any other damages, as allowable by law.

26. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid regular wages, or overtime hours at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
### FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

27. Plaintiff ROMMEL A. RAMIREZ re-adopts every pertinent and factual allegation, regarding him, as stated in paragraphs 1-26 above as if set out in full herein.

28. This action is brought by Plaintiff ROMMEL A. RAMIREZ and those similarly-situated to recover from the Employers unpaid overtime compensation, as well as an additional

amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

29. The employer MIKE KELLY CONSTRUCTION was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a construction company that provides its services to companies engaged in interstate commerce. The Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer was always in excess of $500,000 per annum. Therefore, there is enterprise coverage.

30. The Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce, by handling and working on goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

31. The Defendants MIKE KELLY CONSTRUCTION, MICHAEL KELLY, and ADA D. ORTIZ employed Plaintiff ROMMEL A. RAMIREZ, as a non-exempted, full-time, hourly employee from approximately November 15, 2019 to January 31, 2020, or 11 weeks.

32. The Plaintiff was hired as a construction/remodeling worker and to perform moving work. The Plaintiff was paid a wage rate of $12.00 an hour.

33. During his time of employment with Defendants, the Plaintiff had a very regular schedule, he worked from 7:30 AM to 7:00 PM (11.5 hours daily), Plaintiff worked weeks of 5 days with 80.5 hours per week, weeks of 6 days with 69 hours, and weeks of 5 days with 57.5 hours per week. The Plaintiff was unable to take bonafide lunch periods.

34. The Plaintiff worked in excess of 40 hours per week, but he was not paid for overtime hours, as required by the FLSA.

35. The Plaintiff did not clock in and out, but the Defendants were able to keep track of the number of hours worked by Plaintiff and other similarly situated individuals.

36. Therefore, Defendants willfully failed to pay Plaintiff minimum wages and overtime hours at the rate of time and one-half his regular rate for every hour that they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

37. The Plaintiff was fired by the Defendants on January 27, 2020.

38. The Plaintiff was paid strictly in cash without any paystub or record showing the number of days and hours worked, wage rate, employment taxes withheld, etc.

39. The records, if any, concerning the number of hours worked by Plaintiff ROMMEL A. RAMIREZ, and all other similarly situated employees, and the compensation paid to such employees should be in the possession and custody of the Defendants. However, upon

information and belief, Defendants did not maintain accurate and complete time records of hours worked by the Plaintiff and other employees in the asserted class.

40. The Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

41. The Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

42. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on preliminary calculations and that these figures could be subject to modification as new evidence could dictate.

    a.  <u>Total amount of alleged unpaid wages</u>:

    Six Thousand One Hundred Fifty-Six Dollars and 00/100 ($6,156.00)

    b.  <u>Calculation of such wages</u>:

    Total Period of employment: 11 weeks
    Relevant weeks of employment: 11 weeks

    **1.  <u>O/T for 5 weeks of 7 days/80.5 working hours weekly</u>**

    Relevant weeks of employment: 5 weeks
    Total hours: 80.5 hours weekly
    Total overtime hours: 40.85 hours weekly
    Regular rate: $12.00 an hour x 1.5=$18.00
    Overtime rate: $18.00 an hour

    O/T $18.00 x 40.5 O/T hours=$729.00 weekly x 5 weeks=$3,645.00

    **2.  <u>O/T for 3 weeks of 6 days/69 working hours weekly</u>**

    Relevant weeks of employment: 3 weeks
    Total hours: 69 hours weekly
    Total overtime hours:29 hours weekly
    Regular rate: $12.00 an hour x 1.5=$18.00

Overtime rate:  $18.00 an hour

O/T $18.00 x 29 O/T hours=$522.00 weekly x 3 weeks=$1,566.00

**3.  O/T for 3 weeks of 5 days/57.50 working hours weekly**

Relevant weeks of employment:  3 weeks
Total hours: 57.5 hours weekly
Total overtime hours:17.5 hours weekly
Regular rate: $12.00 an hour x 1.5=$18.00
Overtime rate:  $18.00 an hour

O/T $18.00 x 17.5 O/T hours=$315.00 weekly x 3 weeks=$945.00

Total # 1, # 2, and # 3 = $6,156.00

c.  Nature of wages (e.g. overtime or straight time):

This amount represents the unpaid overtime compensation.

43. At all times, the Employers/Defendants MIKE KELLY CONSTRUCTION, MICHAEL KELLY, and ADA D. ORTIZ  failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek, as provided in said Act.

44. Defendants MIKE KELLY CONSTRUCTION, MICHAEL KELLY, and ADA D. ORTIZ knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employees' employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

45. At the times mentioned, individual Defendants MICHAEL KELLY, and ADA D. ORTIZ were the owners/partners and manager of MIKE KELLY CONSTRUCTION. Defendants

MICHAEL KELLY, and ADA D. ORTIZ were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of MIKE KELLY CONSTRUCTION in relation to their employees, including Plaintiff and others similarly situated. Defendants MICHAEL KELLY, and ADA D. ORTIZ had absolute financial and operational control of the Corporation, determining terms and working conditions of Plaintiff and other similarly situated employees, and they are jointly and severally liable for the Plaintiff's damages.

46. Defendants MIKE KELLY CONSTRUCTION, MICHAEL KELLY, and ADA D. ORTIZ willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants.

47. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff ROMMEL A. RAMIREZ and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff ROMMEL A. RAMIREZ and other similarly situated individuals, and against the Defendants MIKE KELLY CONSTRUCTION, MICHAEL KELLY, and ADA D. ORTIZ MIKE based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff ROMMEL A. RAMIREZ and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

**COUNT II:**
**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS**

48. Plaintiff ROMMEL A. RAMIREZ re-adopts every factual allegation as stated in paragraphs 1-26 of this complaint as if set out in full herein.

49. This action is brought by Plaintiff ROMMEL A. RAMIREZ and those similarly-situated to recover from the Employer MIKE KELLY CONSTRUCTION unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

50. The employer MIKE KELLY CONSTRUCTION was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a construction company. The Defendant has more than two employees directly and recurrently engaged in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is enterprise coverage.

51. The Plaintiff was employed by an enterprise engaged in interstate commerce. The Plaintiff and other employees similarly situated handled and worked on goods and materials and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

52. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

53. The Defendants MIKE KELLY CONSTRUCTION, MICHAEL KELLY, and ADA D. ORTIZ employed Plaintiff ROMMEL A. RAMIREZ, as a non-exempted, full-time, hourly employee from approximately November 15, 2019 to January 31, 2020, or 11 weeks.

54. The Plaintiff was hired as a construction/remodeling worker and to perform moving work. The Plaintiff was paid a wage rate of $12.00 an hour.

55. During his time of employment with Defendants, the Plaintiff worked weeks of 5 days with 80.5 hours per week, weeks of 6 days with 69 hours, And weeks of 5 days with 57.5 hours per week. The Plaintiff was unable to take bonafide lunch periods.

56. The Plaintiff worked in excess of 40 hours per week. However, Plaintiff did not receive his wages regularly. The Defendant failed to pay Plaintiff his wages when due. The Plaintiff

received partial payments, or he was not paid at all. For many weeks, Plaintiff was not paid his wages at any rate, not even the minimum wage rate as required by the FLSA.

57. The Plaintiff did not clock in and out, but the Defendants were able to keep track of the number of hours worked by Plaintiff and other similarly situated individuals.

58. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act.

59. The records, if any, concerning the number of hours worked by Plaintiff ROMMEL A. RAMIREZ, and all others similarly situated employees, and the compensation paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, the Defendant did not maintain accurate and complete time records of hours worked by the Plaintiff and other employees in the asserted class.

60. The Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

61. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

62. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of the unpaid minimum wage is as follows:

*Plaintiff wage-rate was $12.00 an hour. Florida's minimum wage in 2019 is $8.46, and 2020 $8.56 which is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a. <u>Total amount of alleged unpaid wages</u>:

       Three Thousand Seven Hundred Thirty-Four Dollars and 40/100 ($3,734.40)

    b. <u>Calculation of such wages</u>:

Total relevant weeks of employment: 11 weeks
Total relevant weeks of employment:11 weeks

### 1.  Min. wages for 5 weeks of 40 regular hours weekly

Relevant weeks of employment:  5 weeks
Total hours: 40 regular hours weekly
Fl. Min. Wage: $8.46 an hour

FL. Min. wage 8.46 x 40 hours=$338.40 weekly x 5 weeks=$1,692.00

### 2.  Min. wages for 3 weeks of 40 regular hours weekly

Relevant weeks of employment:  3 weeks
Total hours: 40 regular hours weekly
Fl. Min. Wage: $8.46 an hour

FL. Min. wage 8.46 x 40 hours=$338.40 weekly x 3 weeks=$1,015.20

### 3.  O/T for 3 weeks of 40 regular hours weekly

Relevant weeks of employment:  3 weeks
Total hours: 40 regular hours weekly
Fl. Min. Wage: $8.56 an hour

FL. Min. wage 8.56 x 40 hours=$342.40 weekly x 3 weeks=$1,027.20

Total #1, #2, and #3: $3,734.40

c.  Nature of wages:

This amount represents unpaid minimum wages.

63. Defendants MIKE KELLY CONSTRUCTION, MICHAEL KELLY, and ADA D. ORTIZ willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

64. Defendants MIKE KELLY CONSTRUCTION, MICHAEL KELLY, and ADA D. ORTIZ knew and/or showed a reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing

Plaintiff these minimum wages as set forth above, and Plaintiff is entitled to recover double damages.

65. At the times mentioned, individual Defendants MICHAEL KELLY, and ADA D. ORTIZ were the owners/partners and manager of MIKE KELLY CONSTRUCTION. Defendants MICHAEL KELLY, and ADA D. ORTIZ were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of MIKE KELLY CONSTRUCTION in relation to their employees, including Plaintiff and others similarly situated. Defendants MICHAEL KELLY, and ADA D. ORTIZ had absolute financial and operational control of the Corporation, determining terms and working conditions of Plaintiff and other similarly situated employees, and they are jointly and severally liable for the Plaintiff's damages.

66. Defendants MIKE KELLY CONSTRUCTION, MICHAEL KELLY, and ADA D. ORTIZ willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ROMMEL A. RAMIREZ and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff ROMMEL A. RAMIREZ and against the Defendants MIKE KELLY CONSTRUCTION, MICHAEL KELLY, and ADA D. ORTIZ based on

Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff ROMMEL A. RAMIREZ and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

**<u>COUNT III:</u>**
**<u>FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE;</u>**
**<u>PURSUANT TO 29 U.S.C. 215(a)(3); AGAINST ALL DEFENDANTS</u>**

67. Plaintiff ROMMEL A. RAMIREZ re-adopts every factual allegation as stated in paragraphs 1-26 of this complaint as if set out in full herein.

68. The employer MIKE KELLY CONSTRUCTION was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a construction company that provides its services to companies engaged in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is enterprise coverage.

69. The Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce, by handling and working on goods and materials that were produced for commerce and moved across State lines at any time during the business. Therefore, there is individual coverage.

70. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

71. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

72. 29 U.S.C. § 206 (a) (1) states "….an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

73. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

74. The Defendants MIKE KELLY CONSTRUCTION, MICHAEL KELLY, and ADA D. ORTIZ employed Plaintiff ROMMEL A. RAMIREZ, as a non-exempted, full-time, hourly employee from approximately November 15, 2019 to January 31, 2020, or 11 weeks.

75. The Plaintiff was hired as a construction/remodeling worker and to perform moving work. The Plaintiff was paid a wage rate of $12.00 an hour.

76. During his time of employment with Defendants, the Plaintiff worked of 5 days with 80.5 hours per week, weeks of 6 days with 69 hours, And weeks of 5 days with 57.5 hours per week. The Plaintiff was unable to take bonafide lunch periods.

77. The Plaintiff worked in excess of 40 hours per week, but he did not receive his wages regularly. The Defendant failed to pay Plaintiff his wages when due. The Plaintiff received partial payments, or he was not paid at all. For many weeks, Plaintiff was not paid his wages at any rate, not even the minimum wage rate as required by the FLSA.

78. The Plaintiff did not clock in and out, but the Defendants were able to keep track of the number of hours worked by Plaintiff and other similarly situated individuals.

79. Therefore, Defendants willfully failed to pay Plaintiff minimum wages and overtime hours at the rate of time and one-half his regular rate for every hour that they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

80. The Plaintiff disagreed with the lack of payment for regular and overtime hours and he complained multiple times to the Defendants. Plaintiff required to be paid regular and overtime wages on or about January 27, 2020, the last time.

81. These complaints constituted protected activity under the FLSA.

82. However, as a result of the Plaintiff's multiple complaints, on or about January 27, 2020, Plaintiff was fired by the Defendant without paying him his hard-earned wages.

83. At the time of his termination, Plaintiff was performing the essential functions of his position satisfactorily. There was no other reason than retaliation to fire him.

84. There is closed proximity between Plaintiff's protected activity and his termination.

85. The motivating factor which caused the Plaintiff's discharge as described above was his complaints seeking unpaid overtime wages from the Defendant. In other words, the Plaintiff would not have been discharged but for his complaints about unpaid overtime wages.

86. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, the Plaintiff has been damaged.

87. Plaintiff ROMMEL A. RAMIREZ has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff ROMMEL A. RAMIREZ respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that the Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants MIKE KELLY CONSTRUCTION, MICHAEL KELLY, and ADA D. ORTIZ that Plaintiff ROMMEL A. RAMIREZ recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants MIKE KELLY CONSTRUCTION, MICHAEL KELLY, and ADA D. ORTIZ to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff ROMMEL A. RAMIREZ further prays for such additional relief as the interests of justice may require.

<u>JURY DEMAND</u>

Plaintiff ROMMEL A. RAMIREZ demands trial by a jury of all issues triable as of right by a jury.

Dated: March 27, 2020

                                  Respectfully submitted,

                                  By: **/s/ Zandro E. Palma**
                                  ZANDRO E. PALMA, P.A.
                                  Florida Bar No.: 0024031
                                  9100 S. Dadeland Blvd.
                                  Suite 1500
                                  Miami, FL 33156
                                  Telephone: (305) 446-1500
                                  Facsimile:  (305) 446-1502
                                  zep@thepalmalawgroup.com
                                  *Attorney for Plaintiff*