## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION
## CASE No.: 6:20-CV-00538-RBD-GJK

ROMMEL A. RAMIREZ,
FREDDY F. GUERRERO,
and other similarly situated individuals,

        Plaintiffs,

v.

CONSILIUM GROUP, INC.,
AEG INSTALLATION CORP.,
MICHAEL P. KELLY, and
ADA D. ORTIZ, individually,

        Defendants.                 /

### SECOND REVISED JOINT MOTION TO APPROVE
### FLSA SETTLEMENT AND STIPULATION OF DISMISSAL

Plaintiffs, ROMMEL A. RAMIREZ and FREDDY F. GUERRERO, and Defendants,

CONSILIUM GROUP, INC., AEG INSTALLATION CORP., MICHAEL P. EKLLY, and ADA

D. ORTIZ, respectfully move for approval of the Parties' Revised Settlement Agreement, as

follows:

On June 1, 2020, Plaintiffs filed their six-count Second Amended Complaint. [DE 13]. The

Plaintiffs allege Defendants violated the FLSA by failing to pay a minimum wage for all hours

worked and for failing to pay overtime wages for all hours over forty in a workweek. The Plaintiffs

also allege they were discharged in retaliation for complaining about the alleged wage violations.

Plaintiff, Ramirez, alleges he worked for Defendant from November 15, 2019 through

January 31, 2020 – a total of eleven (11) weeks – at $12 per hour. He alleges that for each day he

worked for Defendant he worked from 7:30am until 7:00pm, with no meal breaks. He alleges that

for five (5) of those eleven (11) weeks, he worked seven (7) days per week for a total of 80.5 hours

per week. For three (3) of the eleven (11) weeks, he alleges he worked six (6) days per week for a total of 68 hours per week. For the remaining three (3) of the eleven (11) weeks, he alleges he worked five (5) days per week for a total of 57.5 hours per week.

Plaintiff, Guerrero, alleges he worked for Defendant from December 26, 2019 through February 5, 2020 – a total of six (6) weeks – at $13 per hour. He alleges that for five (5) of those six (6) weeks, he worked seven (7) days per week from 7:30am until 7:00pm for a total of 80.5 hours per week. For the remaining one (1) week, he alleges he worked seven (7) days from 7:30am until 10:00pm, for a total of 101.5 hours per week.

Defendants do not dispute that the that Plaintiffs worked for eleven (11) and six (6) weeks respectively and for the dates alleged; however, Defendants dispute Plaintiffs' claimed hours worked. Defendants dispute Guerrero's rate of pay and maintain that he worked for $11 per hour and not $13 per hour as he alleges. Defendants also dispute that Plaintiffs worked the number of hours they claim to have worked during that relevant timeframe.

Defendant, AEG Installation Corp. installs furniture and artwork for hotels in South Florida. The nature of Defendant's business is such that work is not performed on a regular schedule and work is not performed consistently every day of the week. Therefore, Defendant maintains that no employees work from 7:30am until 7:00pm, Monday through Sunday. Defendants relied on time reporting from supervisors on each job and maintain that the hours worked by Plaintiffs were significantly less than alleged in the Second Amended Complaint; however, Defendants do not have time records that demonstrate the exact amount of hours the Plaintiffs worked. Therefore, Defendants acknowledge that it is possible some wages and overtime could be owed to the Plaintiffs and, thus, have elected to resolve these claims to avoid the further expense of litigating this case. The reality is that the COVID-19 pandemic has impacted the

Defendants business significantly, and they are doing all that they can to stay in business during these trying times. The Defendants simply cannot afford to continue litigating this case, and therefore, made a business decision to resolve the claims for what they and Plaintiffs determined to be reasonable given the facts and circumstances.

As for the retaliation claims filed by the Plaintiffs, Defendants vehemently dispute that Plaintiffs were discharged in retaliation for any complaints. Defendants planned to rely on correspondence and testimony from other employees to establish that the Plaintiffs stopped working at AEG Installation Corp. because the jobs they were hired for were completed.

The parties disagree on the amount of time the Plaintiffs claim to have worked, the amount they claim to be owed, and how the Plaintiffs' employment ended. Despite these disagreements, the parties have agreed to settle this case in its entirety. Because of the uncertainty of how the Court or a jury may decide these issues, in addition to the cost and time associated with litigation, especially given the COVID-19 pandemic and how it is affecting the Defendants business, the parties have agreed to settle this case on terms that they both find to be reasonable under the circumstances.

## II.    <u>MEMORANDUM OF LAW AND ARGUMENT</u>

In general, the minimum wage and overtime provisions of the FLSA are mandatory and not subject to negotiation or bargaining between employers and employees. *See, e.g., Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945). However, there are two ways employees may settle and waive a claim against their employer for unpaid overtime (or minimum wage) under the FLSA: (1) if the payment of unpaid overtime is supervised by the Secretary of Labor or (2) in the context of a private lawsuit brought by an employee against his employer, if the parties present the district court with a proposed settlement and the Court enters an order approving the fairness of the

settlement.  29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946).

An employee may settle and release FLSA claims against his employer without the supervision of the Secretary of Labor if all of the following conditions are met: (1) the settlement occurs in an adversarial context, (2) there are issues of FLSA coverage and/or computations actually in dispute, and (3) the district court enters an order approving the settlement after scrutinizing the fairness of the settlement.  *Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

This case is a situation in which the Court may allow the Plaintiffs in this action to settle and release their FLSA claims against Defendants. The proposed settlement arises in an adversarial context, with pending litigation and with all parties represented by competent counsel.  Moreover, while Plaintiffs believe strongly in their claims, and believe they have the evidence to prevail, Defendants are equally confident in its defenses and that its records and witness testimony will disprove Plaintiffs' claims. As a result, the parties agree that the amounts of the settlement are fair in light of their respective positions.

Based on a compromise by both parties to resolve this case given what is anticipated to be a difficult case to both prosecute and defend, the parties have agreed to settle this case for $14,000.00. The parties arrived at this number by compensating the Plaintiff, Ramirez, for ten (10) hours of overtime during each week of his employment at a half-time rate and 80 hours of regular wages, plus an equal amount in liquidated damages and rounded up to a total of $4,000.00 being paid to Plaintiff, Ramirez. Plaintiff, Guerrero, will be compensated for ten (10) hours of overtime during each week of his employment at a half-time rate and an additional 55 hours of regular wages, plus an equal amount in liquidated damages and the parties rounded up to a total of $2,500.00 being paid to Plaintiff, Guerrero.    Plaintiffs' counsel is receiving $7,500.00 for

attorney's fees and costs. The Parties voluntarily agreed to the terms of the settlement agreement after receiving advice from their counsel.

Initially, the Parties sought to include a general release of all claims including those brought in this case. The rationale for the release was that, because this is a case where it is difficult to determine the exact amount of overtime the Plaintiffs are owed, if any, by rounding up on the calculations used to determine the settlement amount the Plaintiffs would receive some additional consideration to release any and all claims they may have against the Defendants. However, given the Court's reluctance to approve the settlement due to the fact that the Parties are seeking a general release, the Parties have elected to revise the settlement agreement to only include a release of the claims brought in this lawsuit, and any additional amount that was intended for a general release will go towards the Plaintiffs' FLSA settlement.

Moreover, as part of the parties' settlement, Plaintiff's attorneys' fees and costs were negotiated separately from the amounts claimed by Plaintiff and are not a function of any percentage of recovery. As the Court explained in *Bonetti v. Embarq Management Co.*, 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009), where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti*, 2009 U.S. Dist. LEXIS 68075 at *15-16.

The parties, therefore, urge the Court to approve the settlement agreement (attached hereto as Exhibit A) as a fair settlement of the disputed issues arising from the Plaintiff's FLSA overtime claim against Defendant.

In sum, the parties are in agreement that this Court may enter an Order Approving Settlement Agreement and Dismissing Complaint with Prejudice in the form being submitted to the Court separately, after scrutinizing the settlement for fairness and approving the settlement. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1352-53.

<u>**CERTIFICATE OF SERVICE**</u>

We hereby certify that on this 25th day of September 2020, we electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: all counsel and parties of record.

<div style="display:flex">

*/s/  Jacob K. Auerbach*
Jacob K. Auerbach, Esq.
E: jauerbach@gallup-law.com

**GALLUP AUERBACH**
4000 Hollywood Boulevard
Suite 265 South
Hollywood, Florida 33021

T:  (954) 894-3035
F:  (954) 894-8015

*Attorney for Defendants*

*/s/ Zandro E. Palma*
Zandro E. Palma
E: zep@thepalmalawgroup.com

**ZANDRO E. PALMA, P.A.**
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156

T: (305) 446-1500
F: (305) 446-1502

*Attorney for Plaintiffs*

</div>